IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-50060
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LAURA MARQUEZ DE ALVAREZ,

Defendant-Appellant.

- - - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-01-CR-521-ALL-DB
- - - - - - - - - - -
September 10, 2002

Before REAVLEY, BARKSDALE and CLEMENT, Circuit Judges.

PER CURIAM:*

Laura Marquez de Alvarez (Marquez) appeals her conviction

for making a false statement regarding a matter within the

jurisdiction of a government agency in violation of 18 U.S.C.

§ 1001.  While attempting to cross the border from Mexico,

Marquez informed a United States Customs Service inspector that

she owned the vehicle she was driving.  She later admitted that

this statement was false.  Marquez contends that the evidence is

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

insufficient to support her conviction because this statement was not material given that the customs inspector had already decided to conduct an intensive inspection of her vehicle prior to speaking with her.

The customs inspector testified that he questions drivers and passengers at the border regarding the ownership of the vehicle they are in to determine whether they are familiar with the vehicle and its contents.  When the owner is not present, this raises his suspicions and influences his decision whether to inspect the vehicle, as well as the scrutiny with which he inspects a vehicle.  This evidence is sufficient to support the jury's determination that the false statement regarding ownership of the vehicle was capable of influencing a decision within the jurisdiction of the United States Customs Service.  See United States v. Gaudin, 515 U.S. 506 (1995); United States v. Puente, 982 F.2d 156 (5th Cir. 1993).

AFFIRMED.